UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LUIS CRUZ-VALCARCEL,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 11-1696 (JAF)

(Crim. No. 07-453)

**OPINION AND ORDER**

Petitioner, Luis Cruz-Valcarcel, brings this pro-se petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255. (Docket No. 1.) Respondent, the United States of America, opposes (Docket No. 5), and Petitioner does not respond.

**I.**

**Factual and Procedural History**

We draw the following narrative from Petitioner's motion, the Government's response, and the docket of the related criminal case. On April 4, 2008, Petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute at least one kilogram of heroin, fifty grams or more of cocaine base ("crack"); five kilograms or more of cocaine; and detectable amounts of of marijuana, Oxycodone, and Alprazolam, all in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), (b)(2), and 860. (Crim. No. 07-453, Docket No. 582 at 2.) He also pleaded guilty to aiding and abetting the knowing possession of firearms and ammunition during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Id.) In exchange, the government agreed to recommend a sentence of 235 months. (Id. at 5.) On

Civil No. 10-1696 (JAF)                                                                                                                    -2-

August 6, 2008, this court sentenced Petitioner to 235 months' imprisonment, and a supervised release term of ten years. (Id., Docket No. 1037.) The First Circuit denied Petitioner's direct appeal on November, 15, 2010, and Petitioner did not file for certiorari. (Docket No. 5 at 3.) Petitioner filed the present petition seeking relief under § 2255 on July 18, 2011. (Docket No. 1.)

## II.

## Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . .'are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" United States v. Rodríguez Rodríguez, 929 F.2d 747, 749-50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Petitioner argues that he suffered from ineffective assistance of counsel in signing the plea agreement, as well as ineffective assistance of appellate counsel, who he alleges performed ineffectively because of

his "failure to submit the standard nine paper copies that accompany an appeal brief," and because of his "failure to submit a proper appeal." (Docket No. 1 at 3.) We discuss each claim in turn below.

**A.    Ineffective Assistance Standard**

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To prevail on a claim of ineffective assistance of counsel, Petitioner must show not only a deficient performance by trial counsel, "but also that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." United States v. Manon, 608 F. 3d 126, 131 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 687).

Petitioner may satisfy the deficient-performance prong by showing that the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 688). "The prejudice factor requires the defendant to 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Manon, 608 F. 3d at 131–32. (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Claims of ineffective assistance of appellate counsel are also measured under the Strickland standard. Smith v. Robbins, 528 U.S. 259, 285 (2000). To satisfy this stringent standard, Petitioner must "show that his counsel was objectively unreasonable . . . in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." Id. (citing Strickland, 466 U.S. at

Civil No. 10-1696 (JAF)                                                                                              -4-

687–91). Appellate counsel need not "raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits." Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002).

**B.     Appellate Counsel**

Petitioner fails to show that appellate counsel provided ineffective assistance of counsel. While it might be true that Petitioner disliked his appellate counsel's attitude, the allegations completely lack merit and a factual basis.

**1.     Failure to Submit the Proper Number of Paper Copies of the Brief**

We reject Petitioner's comical argument that appellate counsel's failure to file the correct number of paper copies of his brief resulted in a default judgment against Petitioner. According to the record on appeal, appellate counsel does seem to have filed the wrong number of paper copies of the brief, prompting the First Circuit to issue an order threatening a default judgment upon continued refusal to submit the correct number of copies. Order, United States v. Cruz-Valcarcel, No. 08-2146, (1st Cir. Oct. 22, 2010).  However, the First Circuit's order of November, 15, 2010, clearly denies his appeal based, not on the number of paper copies, but on the merits, finding the waiver of appeal in the plea agreement enforceable and that Petitioner's claims of error did "not rise even to the level of 'routine reversible error,' necessary at a minimum to trigger" an exception to the waiver. (Crim. No. 07-453, Docket No. 2055.) We, therefore, reject Petitioner's argument as ungrounded in reality.

**2.     Failure to Submit a Proper Appeal and Challenge his Sentence**

Petitioner next argues that because of appellate counsel's alleged failure to submit a proper appeal, his sentence should be "remanded" in light of the Fair Sentencing Act ("FSA"). He also uses this opportunity to challenge his sentence under Apprendi v. New Jersey, 530 U.S.

Civil No. 10-1696 (JAF) -5-

466 (2000), and argues that the quantity of drugs to which he pleaded guilty inaccurately represented the crimes he actually committed.[1]

First, we determine that—regardless of the vagaries in Petitioner's proposed solution of resentencing—the FSA offers Petitioner no relief. This court sentenced Petitioner on August 6, 2008, and the First Circuit has "held that the FSA does not apply to individuals who were sentenced before the FSA was signed into law on August 3, 2010." United States v. Curet, 670 F.3d 296 (1st Cir. 2012) (citing United States v. Goncalves, 642 F.3d 245, 252–55 (1st Cir. 2011). Next, we note that appellate counsel did, in fact, challenge Petitioner's sentence on direct appeal, making lengthy arguments based on Apprendi, Booker, and the sentencing guidelines in his brief. Brief for Appellant at 18–26, United States v. Cruz-Valcarcel, No. 08-2146 (Aug. 10, 2010). The brief also stated that although, Petitioner "pled guilty to the alleged offense in this case[,] . . . he did not consent to the application of the enhancements or admit the facts underlying the same." Id. at 23–24. Thus, Petitioner's attempted attacks on his sentence must fail. Appellant counsel raised, and the First Circuit rejected, these arguments, and Petitioner may not relitigate them on collateral review. Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (citations omitted).

Finally, Petitioner finishes stating that "if not for his counsel's unprofessionalism there would have been a proper sentence." (Docket No. 1 at 8.) Petitioner does not further develop his esoteric argument, and claims raised in a perfunctory manner without elaboration are deemed waived. See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (ineffective

---

[1] Petitioner concedes that he did carry a weapon, but he argues that he "was only involved with the sale of Millenium brand herion [sic] and the orange colored caps of crack sold in Juana Matos [public housing development]," as opposed to the drug quantities found in the plea agreement. (Docket No. 1 at 7.)

Civil No. 10-1696 (JAF)                                                                                          -6-

assistance claim raised in a perfunctory manner in § 2255 proceeding deemed waived). Appellate counsel selected meritorious arguments to bring on appeal and, based on the record before us, his performance appears far from ineffective. Lattimore v. Dubois, 311 F.3d at 57.

**C.    Trial Counsel**

Because we construe pro-se pleadings generously, we consider one final challenge, not made in the § 2255 petition itself, but alluded to in Petitioner's affidavit of June 30, 2011, attached as an exhibit. In this affidavit, Petitioner states that he did not understand the plea agreement or waiver, and that he only signed it because he thought his wife would get a lesser sentence than she actually did receive. (Docket No. 1-3.) He also states that he tried to appeal but his lawyer told him he could not do so because of the waiver of appeal. (Id.) However, appellate counsel's brief did, in fact, contain this argument, complete with the claim that connubial considerations caused Petitioner to sign the plea agreement, arguing that this court should have allowed him to "withdraw his guilty plea, since the same was not an intelligent one within the meaning of Fed. R. Crim. Proc. 11." Brief for Appellant at 10, United States v. Cruz-Valcarcel, No. 08-2146 (Aug. 10, 2010). Thus, Petitioner cannot raise the same challenge again in a collateral attack. Singleton, 26 F.3d at 240. Furthermore, to the extent Petitioner is attempting to raise new un-waived arguments, we cannot divine them, and they must fail for vagueness. Cody, 249 F.3d at 53 n.6.

**IV.**

**Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional

Civil No. 10-1696 (JAF)                                                                                                          -7-

right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief in this court.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 20th day of April, 2012.

                  s/José Antonio Fusté
                  JOSE ANTONIO FUSTE
                  U.S. District Judge